OPINION
{¶ 1} Fletcher Moreland is appealing from his convictions of felonious assault of a police officer and trafficking in cocaine within the vicinity of a school. He entered pleas of not guilty as to each offense, and after a jury trial he was found guilty as charged to all counts. On appeal, he presents the following three assignments of error:
 {¶ 2} "1. The evidence herein was insufficient as a matter of law to support a conviction for felonious assault on a police officer.
 {¶ 3} "2. The court erred in permitting the prosecutor to misrepresent the burden of proof in closing argument.
 {¶ 4} "3. The court erred in refusing to instruct the jury as to the defense of accident."
 {¶ 5} The evidence presented at the trial by the State's four witnesses outlined a drug bust of an individual in an automobile using a confidential informant. The police officers involved operated three cars and surrounded Moreland's vehicle after the transaction in an attempt to apprehend him. It was night, the police had their strobe lights on, and a siren was in use. One of the officers was in full uniform, and the others had "police" in identifying letters on their vests. Moreland, driving his vehicle, looked directly at Det. Wertz approaching his car, who testified:
 {¶ 6} "Q. As you were approaching the vehicle what happened next?
 {¶ 7} "A. As I approached the car, the door comes open and I was able to get up to the door quickly. And at this time, I'm advising Mr. Moreland to stop and shut off his car. And he immediately put it in reverse and began backing up.
 {¶ 8} "This time I had to physically place my hand on the door and push off of the door to step out of the way of the door or it would have struck me, either taken me down to the ground or possibly pinned me in between the door and the front bumper of the car. (Tr. 42).
 {¶ 9} "* * *
 {¶ 10} "Q. As you were approaching you indicated that you could see the Defendant looking at you, is that right?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. And he looked at you, is that when he put it in reverse?
 {¶ 13} "A. No, he actually put it in reverse when I was up here, the door, I advised him to stop and shut off the car. And he then put it in reverse. And that is when he gave it gas to back up. And I had to take evasive movement to get out of the way of the door.
 {¶ 14} "Q. Where was Detective Meadows while this was going on?
 {¶ 15} "A. Detective Meadows was in number 3 vehicle, just to the right of mine. And Officer Fredericks to the right of Detective Meadows. Detective Meadows exited his car and approached to assist me on the arrest.
 {¶ 16} "However, when Mr. Moreland put his vehicle in reverse and backed up, after I jumped out of the way, Detective Meadows had to actually jump across the back bumper, the back lid of my car to get out of the way of Mr. Moreland's vehicle.
 {¶ 17} "Mr. Moreland's vehicle was only stopped because his door opened like this, hit my bumper and actually hyperextended forward and stopped his vehicle." (Tr. 43-44).
 {¶ 18} During the hearing the next day, Officer Frederick testified that Moreland's car hit and damaged Det. Wertz' vehicle. (Tr. 11).
 {¶ 19} In his first assignment of error, Moreland's counsel relies on a previous case in this court, State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. McDaniel does have facts similar, but not similar enough to the case before us. In McDaniel, this court found that the evidence was sufficient to support a finding of guilty, but reversed on the grounds of manifest weight. The argument made in the case before us is only as to sufficiency of evidence, not a manifest weight argument. Unlike this case, McDaniel dealt with a defendant who was unaware of the criminal activity leading to the police's attempts to stop his car, and the police in McDaniel did not exhibit readily visible signs of their authority while they were trying to stop McDaniel. Moreover, as the State points out, the case before us involved a jury verdict while inMcDaniel the trial had been to the bench.
 {¶ 20} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 21} Moreland did not testify, and the only evidence before the jury is the testimony of the officers as to the threat to themselves by Moreland's backing up his car and even damaging one of the police vehicles. We find this evidence clearly sufficient to support the verdict of guilty on the felonious assault charge. The first assignment of error is overruled.
 {¶ 22} The second assignment of error raised in appellant's supplemental brief refers to a statement by one of the prosecutors during his closing argument, to-wit: "Well, has Mr. Arntz brought you an alternative explanation as to how this piece of crack cocaine came to be in the possession of Mr. Kilgore [confidential informant]?" (5-23-01 Hearing, Tr. 66). Counsel Arntz objected, and the objection was overruled. Id. Later in a conference in chambers, Mr. Arntz argued that the State was impermissibly trying to shift the burden of proof to the defense. In the case before us, the State twice clearly stated to the jury that it accepts the burden of proving each element of the charges beyond a reasonable doubt. (5-23-01 Hearing, Tr. 37, 64). The evidence in this case was so overwhelming in support of guilty verdicts that we find the prosecution's comment to be clear error, but harmless beyond a reasonable doubt. The second assignment of error is overruled.
 {¶ 23} In his third assignment of error, Moreland argues that the court committed error in refusing to instruct the jury as to the defense of accident. The trial court refused to give an accident instruction because it stated that "there is no evidence whatsoever with regard to accident." (5-23-01 Hearing, Tr. 35). We agree with the trial court that there was no evidence anywhere in the record that would support giving the jury an instruction as to the possibility of an accident.
 {¶ 24} All three assignments of error are overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.